# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| In Re:<br><br>Piotr Rupniewski,<br>                              Debtor. | Chapter 7<br><br>Case No. 24-80698<br><br>Hon. Thomas M. Lynch |
| Illinois Department of Employment Security,<br>                              Plaintiff<br>v.<br><br>Piotr Rupniewski,<br>                              Defendant. | Adv. Pro. No. 24-96017 |

### NOTICE OF DEDENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT

**TO: Served Upon the following parties electronically:**

**Patrick S. Layng**, 219 S. Dearborn St., Room 873, Chicago, IL 60604:

USTPRegion11.ES.ECF@usdoj.gov

**Andrew Dryjanski**, Assistant Attorney General, 33 South State St., Suite 992, Chicago, IL 60603:

andrew.dryjanski@illinois.gov

**By US Mail:**

**Illinois Attorney General**, Kwame Raoul, 33 South State St., Suite 992, Chicago, IL 60603 and to 115 S. LaSalle Street, Chicago, IL 60603.

**Ray Marchiori**, Director of the Illinois Department of Employment Security, 1300 S. 9th St., Springfield, IL 62703

**SEE ATTACHED SERVICE LIST**

        PLEASE TAKE NOTICE that on October 16, 2024, at 11:00 am, I will appear before the Honorable Thomas M. Lynch any judge sitting in that judge's place, either in courtroom 3100, 327 S. Church St., Rockford, IL 61101, or electronically as described below, and present the Defendant's Motion to Dismiss Adversary Complaint, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.**

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID**. The meeting ID for this hearing is **160 291 5226** and passcode **852255**. The meeting ID can also be found on the judge's page on the court's web site.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

**/s/ David Freydin**
**Law Offices of David Freydin, LTD.**
**8707 Skokie Blvd, #312**
**Skokie, IL 60077-2269**
**(v): 312.533.4077 | (f): 866.897.7577**

### Certification of Service

The undersigned, an attorney, certify that I transmitted a copy of this notice and the attached motion to the parties on the service list above via regular U.S. Mail with postage prepaid from the mailbox located at 8707 Skokie Blvd, #312, Skokie, IL 60077-2269 on September 24, 2024. Furthermore, I certify that Patrick S. Layng and Andrew Dryjanski were notified via ECF notification on September 24, 2024.

**/s/ David Freydin**
**Law Offices of David Freydin, LTD.**
**8707 Skokie Blvd, #312**
**Skokie, IL 60077-2269**
**(v): 312.533.4077 | (f): 866.897.7577**

```
Label Matrix for local noticing        BMO Bank N.A. c/o AIS Portfolio Services, L    Toyota Motor Credit Corporation
0752-3                                 4515 N Santa Fe Ave. Dept. APS                 Toyota Motor Credit Corporation
Case 24-80698                          Oklahoma City, OK 73118-7901                   14841 Dallas Parkway, Suite 350
Northern District of Illinois                                                         Dallas, TX 75254-7685
Western Division
Tue Sep 24 18:52:47 CDT 2024

U.S. Bankruptcy Court                  BMO Bank N.A.                                  BMO Harris Bank
Western Division                       AIS Portfolio Services, LLC                    Attn: Bankruptcy
327 South Church Street                4515 N Santa Fe Ave. Dept. APS                 99 W Washington St
Rockford, IL 61101-1320                Oklahoma City, OK 73118-7901                   Chicago, IL 60602-2998


Bank of America                        Barclays Bank Delaware                         (p)JPMORGAN CHASE BANK  N A
Attn: Bankruptcy                       Attn: Bankruptcy                               BANKRUPTCY MAIL INTAKE TEAM
4909 Savarese Circle                   125 South West St                              700 KANSAS LANE FLOOR 01
Tampa, FL 33634-2413                   Wilmington, DE 19801-5014                      MONROE LA 71203-4774


Citibank                               Discover Financial                             Embark/celtic/vervent/
Po Box 790040                          Attn: Bankruptcy                               Transaction Services
St Louis, MO 63179-0040                Po Box 3025                                    Sioux Falls, SD 57109
                                       New Albany, OH 43054-3025


IDES                                   Marta Rupniewski                               Synchrony Bank
33 S. State, 9th Floor                 515 Surrey Ridge                               Attn: Bankruptcy
Chicago, IL 60603-2804                 Cary, IL 60013-3221                            Po Box 965060
                                                                                      Orlando, FL 32896-5060


The Illinois Department of Employment Securi   Toyota Financial Services              US Bank/RMS
33 S. State Street                     Bankruptcy Department                          Attn: Bankruptcy
ste. 992                               19001 S. Western Ave.                          Po Box 5229
Chicago, IL 60603-2803                 Torrance, CA 90501-1106                        Cincinnati, OH 45201-5229


David Freydin                          Joseph D Olsen                                 Patrick S Layng
Law Offices of David Freydin Ltd       Joseph D. Olsen, Chapter 7 Trustee             Office of the U.S. Trustee, Region 11
8707 Skokie Blvd                       Attorney at Law                                780 Regent St.
Suite 312                              5702 Elaine Drive, Suite 204                   Suite 304
Skokie, IL 60077-2281                  Rockford, IL 61108-2475                        Madison, WI 53715-1233


Piotr Rupniewski
714 Wiltshire Drive
Crystal Lake, IL 60014-7717
```

              The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
              by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Chase Card Services                    (d)Chase Card Services                         End of Label Matrix
Attn: Bankruptcy                       Attn: Bankruptcy                               Mailable recipients    21
P.O. 15298                             Po Box 15298                                   Bypassed recipients     0
Wilmington, DE 19850                   Wilmington, DE 19850                           Total                  21
```

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In Re:<br><br>Piotr Rupniewski,<br>                                    Debtor. | Chapter 7<br><br>Case No. 24-80698<br><br>Hon. Thomas M. Lynch |
| Illinois Department of Employment Security,<br>                                    Plaintiff<br>v.<br>Piotr Rupniewski,<br>                                    Defendant. | Adv. Pro. No. 24-96017 |

**DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT**

Plaintiff's complaint (the "Complaint") should be dismissed because it fails to establish the elements required to prevail under § 523(a)(2)(A) and fails to state any other basis for relief. The Illinois Department of Employment Security ("Plaintiff" or "IDES") relies on Defendant's written representations regarding his financial condition but fails to proceed under 11 USC § 523(a)(2)(B). Plaintiff broadly accuses Defendant of a fraud that never happened, and plainly ignores what did happen. As a result, Plaintiff cannot prevail under § 523(a)(2)(A) and Rule 9.

**Background**

Before the COVID pandemic arrived in early 2020, Defendant was gainfully employed as a physical therapist. By May 2020, Defendant, like millions across the country, found himself facing financial ruin because of reduced (or eliminated) wages. To provide for his family, Defendant applied for unemployment from the Illinois Department of Employment Security. Years later, and to Defendant's great surprise, IDES asserts that Defendant made various representations about his earnings, that these representations were false, that Defendant knew

they were false, and otherwise acted fraudulently in making such representations. Plaintiff seeks to have this Court declare that the debt Defendant owes is not dischargeable under 11 USC § 523(a)(2)(A).

## Discussion

A complaint that does not state a claim for relief should be dismissed. Fed. R. Civ. P. 12(b)(6) (made applicable by Fed. R. Bankr. P. 7012(b)). Plaintiff's allegation(s) that Defendant misrepresented his income hinge on the Defendant's application and subsequent written submissions to Plaintiff. Because the Complaint is based on statements in writing, Plaintiff can only proceed under § 523(a)(2)(B) but fails to do so. Even if Plaintiff can proceed under § 523(a)(2)(A), the Complaint does not provide sufficient detail as required by Fed. R. Civ. P. 9 to plausibly state a claim for relief based on fraud. Therefore, the Complaint is deficient and should be dismissed.

### Plaintiff alleges Defendant misrepresented his financial condition, so it must proceed under § 523(a)(2)(B)

A plaintiff may seek a declaration that a debt owed to it is not dischargeable because it was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]" 11 U.S.C. § 523(a)(2)(A). If the allegedly false statement "respecting the debtor's or an insider's financial condition[,]" a plaintiff must also show that the statement was made in writing. 11 U.S.C. § 523(a)(2)(B).

"[A] statement is 'respecting' a debtor's financial condition if it has a direct relation to or impact on the debtor's overall financial status." *Lamar, Archer & Cofrin LLP v. Appling*, 138 S. Ct. 1752, 1761 (2018). Courts "have held statements about a debtor's income, expenses, assets, and liabilities, to be statements 'respecting the debtor's …financial condition.'" *Schiller*

*DuCanto & Fleck LLP v. Potter (In re Potter)*, 616 B.R. 745, 752 (Bankr. N.D. Ill. 2020) (citations omitted) (collecting cases). There can be little doubt that Defendant's representations to Plaintiff, whatever they may have been, regarded his financial condition.

Here, Plaintiff alleges that Defendant made false statements on which Plaintiff reasonably relied in deciding to award Defendant unemployment compensation. Plaintiff alleges that Defendant made misrepresentations in his application for unemployment and in subsequent reporting. These alleged misrepresentations all regard Defendant's financial condition. Therefore, any debt arising from these alleged misrepresentations is only actionable, if at all, under § 523(a)(2)(B), not § 523(a)(2)(A).

### Plaintiff does not allege an actionable claim under § 523(a)(2)(B)

Defendant concedes that his application for unemployment and submissions through Plaintiff's online and mail-based reporting procedures satisfy the in-writing requirement in § 523(a)(2)(B). Defendant does not concede, however, that there is any fraud or intentional misrepresentation to be found in those documents. Defendant believes that his submissions to IDES were accurate, but that the IDES administrators misinterpreted his answers. In the alternative, Defendant believes that he misunderstood the application and reporting process, but that he did so without the intent required to except discharge under any part of § 523.

### Plaintiff fails the pleading standard for § 523(a)(2)(A) as required by Rules 8 and 9

A plaintiff may seek a declaration that a debt owed to it is not dischargeable because it was obtained by "false pretenses, a false representation, or actual fraud[.]" 11 U.S.C. § 523(a)(2)(A). Under this provision, a plaintiff must allege: (1) that the debtor made a false representation or omission; (2) that the debtor knew the statement was false or made it with reckless disregard for the truth; (3) that the debtor possessed an intent to deceive or defraud; and

(4) that the plaintiff justifiably relied on the false representations. *Reeves v. Davis (In re Davis)*, 638 F.3d 549, 553 (7th Cir. 2011).

A plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2) (made applicable by Fed. R. Bankr. P. 7008(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court need not accept as true "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Rather, the pleader must provide sufficient details about the subject-matter of its claim "to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

Further, a party alleging fraud "must state with particularity the circumstances constituting fraud …." Fed. R. Civ. P. 9(b) (made applicable by Fed. R. Bankr. P. 7009). Particularity means "the who, what, when, where and how: The first paragraph of any newspaper story." Katz v. Household Int'l Inc., 91 F.3d 1036, 1040 (7th Cir. 1996). To satisfy this rule, the plaintiff must "use some... means of injecting precision and some measure of substantiation into their allegations of fraud." United States ex rel. Berkowitz v. Automation Aids, Inc., 896 F.3d 89-840 (7th Cir. 2018). The Complaint lacks the required detail and impermissibly draws both factual and legal conclusions.

Here, Plaintiff uses a boilerplate complaint, does not discuss the relevant statute, and fails to plead its case with the details and particular information required under Rule 9. Plaintiff does allege the "who" (Defendant) but does not plausibly or specifically articulate further information to support its claim. Plaintiff's Complaint effectively asserts that any mistaken submission is

fraud. Plaintiff makes blanket reference to Defendant's application and submissions to show that Defendant knew or should have known that the information he submitted to Plaintiff was mistaken. Plaintiff does not allege anything specific beyond the amounts and dates involved in Defendant's applications. The Complaint ignores Defendant's continued efforts to communicate with Plaintiff regarding the alleged overpayment and his attempts to clarify what happened. The Complaint ignores Defendant's efforts to participate in the Recoupment Waiver Program.

Similarly, Plaintiff fails to allege when, specifically, these supposed misrepresentations occurred. The Complaint alleges the misrepresentations occurred "during the period of June 14, 2024 through October 10, 2020" Compl., ECF No. 1, ¶13. The wording of this allegation is, at best, far too general to meet Rule 9 standards. The alleged timeframe includes multiple years during which Defendant did not receive unemployment or otherwise make any statements to Plaintiff, whatsoever. The alleged timeframe also includes a month during which Defendant was in bankruptcy and makes no allegations as to what Defendant did during that time.

Plaintiff also fails to establish, or even clearly allege, that Defendant knew or should have known that the alleged statements were false. Plaintiff makes only conclusory allegations that Defendant knew the supposed statements were false, without any supporting detail whatsoever. Compl., ECF No. 1, ¶¶ 16-17. Plaintiff's investigation did not, apparently, include reading the various letters Defendant sent to Plaintiff during the overpayment review process. If it had, Plaintiff would know that Defendant believed he was reporting his income from his various jobs *separately* and that he understood Plaintiff's system to track his eligibility both individually *and* cumulatively. Specifically, Defendant applied for unemployment on May 17, 2020, because he lost hours at his primary job, Active Care Center. Defendant received notice of his ineligibility for unemployment on June 3, 2020. Because he had *also* experienced near-elimination of his

hours at his second job (The Network Resources), Defendant *also* reported that decrease to Plaintiff. Defendant believed he had correctly reported his income (and loss thereof) in each submission. When he submitted his applications, Defendant believed Plaintiff fully understood his earnings. His subsequent conduct has shown that he believed there was a misunderstanding and that he never intended to mislead Plaintiff.

Nearly two years later, Defendant received notice that Plaintiff believed that he was ineligible to receive unemployment compensation. This allegation both surprised and troubled Defendant, so he acted quickly to communicate with Plaintiff. Defendant responded to Plaintiff's communications multiple times, including several phone calls and written responses on September 8, 2022, and November 7, 2022. Defendant sought to clarify that his employment status with Active Care Center was part-time (not full-time, as alleged) and that his hours at The Network Resources had nearly disappeared. Finally, Defendant informed Plaintiff multiple times that he desired to participate in Plaintiff's Recoupment Waiver Program. Please see attached Exhibit A.

### **Rule 12(b)(6) permits dismissal here**

"A court may take judicial notice of matters of public record, including public court documents, without converting a Rule 12(b)(6) motion into a motion for summary judgment." (Citing Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir.1994))." Ebner v. Kaiser (In re Kaiser), 525 B.R. 697 (Bankr. N.D. Ill., 2014). "The courts ... have crafted a narrow exception to this rule to permit a district court to take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment." *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.,* 128 F.3d 1074, 1080 (7th Cir. 1997).

This Court may take judicial notice of the Bankruptcy Code, the Illinois Administrative Code, and of any documents and exhibits attached Plaintiff's various efforts to collect from Defendant. To that extent, this Court should consider Defendant's various communications to Plaintiff when evaluating whether Defendant possessed the required intent under § 523(a)(2)(A) and can do so without converting this dispute into a motion for summary judgment.

Plaintiff's conclusory statements and unsupported allegations should be disregarded because they do not meet the plausibility standard under Rule 8, much less the particularity standard under Rule 9. Defendant asks that this Court consider all the available information in the public record because it shows he lacked fraudulent intent. Further, as discussed below, Debtor asks that this Court declare Plaintiff's determination made on June 24, 2024, to be void as a matter of law.

### **Plaintiff's post-petition determination is void**

Under section 362(a)(1), the filing of a petition in bankruptcy operates as a stay of the commencement or continuation, including the issuance or employment of process, or a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title. 11 U.S.C. § 362(a)(1). Section 362(a)(6) prevents a creditor from taking "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;" 11 U.S.C. § 362(a)(6).

In enacting section 362, Congress sought to prevent creditors from attempting to collect a pre-petition debt in any way. H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 342 (1977), U.S.Code Cong. & Admin. News 1978, p. 5963. Congress expressed special concern for the inexperienced

and frightened debtor who may give in to demands to pay a pre-petition debt even though he is in bankruptcy. S.Rep. No. 95-989, 95th Cong., 2nd Sess. 50-51 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. The intent behind section 362 is to protect the debtor, giving him relief from creditors. Consequently, the debtor is given a "more effective fresh start." *In re Smurzynski,* 72 B.R. 368, 371 (Bankr.N.D. Ill.1987).

The automatic stay applies to all "entities," including governmental units. 11 U.S.C. § 101(14). Where Congress intended governmental units to receive special treatment, it provided specific exceptions. *See e.g.,* 11 U.S.C. § 362(b)(4), (b)(8), (b)(9), (b)(12) and (b)(13). None of these exceptions applies to the instant matter and Plaintiff has not alleged any other exception to justify its actions. Further, Plaintiff did not seek or receive relief from the automatic stay.

Rather, Plaintiff received notice from the Clerk and was bound by the automatic stay. Because Plaintiff ignored the automatic stay, Defendant asks that this Court deem Plaintiff's June 24, 2024, determination to be void as a matter of law. Defendant further asks that this Court award Defendant reasonable attorney fees for defending this action.

**Post-Chevron, Plaintiff's statutory interpretation is not binding upon this court**

The United States Supreme Court recently addressed how courts must treat decisions impacting regulated parties. In *Loper Bright Enterprises v. Raimondo*, the Supreme Court held, "[t]he Administrative Procedure Act requires courts to exercise their independent judgment in deciding whether an agency has acted within its statutory authority, and courts may not defer to an agency interpretation of the law simply because a statute is ambiguous." **144 S.Ct. 2244 (2024).** Here, Plaintiff bases its request for relief on its own interpretation of the relevant statutes (namely, 820 ILCS 405/500, 59 Ill. Admin. Code 2720.115., 820 ILCS 405/900, and 820 ILCS

405/901.1). Plaintiff's interpretation ignores both the reality unemployment seekers face and also the obligations imposed by the Bankruptcy Code.

Here, Defendant believes that Plaintiff erred in its construction of the relevant statutes. For purposes of this motion, Defendant concedes that he may have received overpayment of unemployment, but he vigorously maintains that he did not intend to present any sort of false information to Plaintiff and that any overpayment was a mistake and nothing more. Rule 12(b)(6) authorizes a court to dismiss for failure to state a claim based on an insufficiency of the allegations in a complaint or based upon facts that show a plaintiff has pled itself out of court. Fed.R.Civ.P. 12(b)(6); see also Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7, 570 F.3d 811, 820 (7th Cir.2009). Considering all the information available in the public record, it is clearly impossible for Plaintiff to allege any facts that would support an action under § 523 and the Complaint should be dismissed.

## **Conclusion**

Plaintiff ignores the facts complains of a fraud that never happened. Defendant believes that Plaintiff has misunderstood his financial situation during the relevant months. And to whatever extent Defendant did submit mistaken information to Plaintiff, he did so inadvertently, in good faith, and without anything approaching the intent required to prevail under § 523(a)(2)(A). Defendant did not make any payments on the alleged debt because he wanted to participate in Plaintiff's Recoupment Waiver Program and sent multiple communications to Plaintiff in hopes of resolving the matter. The Complaint relies on boilerplate recitations instead of making specific allegations as required by Rule 9. Finally, Plaintiff's post-petition determination of fraud is void as a matter of law and is not binding on this Court. Neither the law nor the facts support Plaintiff's argument, and because litigating this matter imposes great

hardship on Defendant and his family, Plaintiff's Complaint should be dismissed with prejudice.

WHEREFORE, Defendant respectfully requests3 that this Honorable Court dismiss Plaintiff's complaint with prejudice and grant such further relief as is appropriate under the circumstances.

**September 24, 2024**

                        **Respectfully submitted,**

                        **/s/ David Freydin**
                        **Counsel for Debtor**

David Freydin
Law Offices of David Freydin, 8707 Skokie Blvd, Suite 312
Skokie, IL 60077
847-972-6157 phone
866-897-7577 fax
david.freydin@freydinlaw.com